FILED
January 27, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PEDRO ANTONIO MORALES CHEVEZ,<br><br>Petitioner,<br><br>v.<br><br>BOBBY THOMPSON, in his official capacity as Warden of South Texas Detention Facility, *et al.*,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§  NO. SA-26-CV-00147-OLG<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Pedro Antonio Morales Chevez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 6).

The relevant facts in this case are not in dispute. Petitioner is a citizen of El Salvador who entered the United States without inspection in 2011. (*See* Dkt. No. 1 ¶¶ 14, 52.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 61–63; Dkt. No. 6 at 3–4.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 3.) On January 23, 2026, Respondents filed an abbreviated response, advising that "the common question of law between this case and those rulings would control the result in this case

should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 6 at 2.) As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January 27, 2026.

ORLANDO L. GARCIA
United States District Judge